[Civ. No. 230.   Second Appellate District.—June 27, 1906.]

## C. F. MURRAY, Respondent, v. LLEWELLYN IRON WORKS COMPANY, Appellant.

ACTION FOR LOSS BY FIRE—NEGLIGENCE—CIRCUMSTANTIAL EVIDENCE—SUPPORT OF VERDICT.—In an action for damages by fire to plaintiff's premises and property, owing to the alleged negligence of defendant's servants, employed in iron works in an adjoining building, where it appears that rivets heated to a white heat were so carelessly handled therein as to fall repeatedly on plaintiff's lot and   start fires, which had been sometimes extinguished by such servants, and no other origin of the fire which caused the loss appeared, the fact that the evidence as to said origin was circumstantial did not render it inadmissible or insufficient to sustain a verdict for the plaintiff.

ID.—INSTRUCTION—CAUSE OF FIRE.—An instruction that the jury should consider the facts in evidence "in determining whether or not the fire referred to in the complaint was due to the same cause," did not instruct the jury as to the weight of evidence.

ID.—CREDIBILITY OF EMPLOYEE AS WITNESS.—A requested instruction to the jury, in reference to the employees of the defendant, as witnesses for defendant, "to receive the testimony of such witness . . . the same as that of the testimony of any other witness, and to determine the credibility of such employee by the same principles and tests by which they would determine the credibility of any other witness," was properly refused as being manifestly erroneous.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. B. N. Smith, Judge.

The facts are stated in the opinion of the court.

Jones & Weller, and Davis, Rush & Willis, for Appellant.

Ross Avery, and Anderson & Anderson, for Respondent.

SMITH, J.—Appeal from a judgment for the plaintiff and an order denying the defendant's motion for a new trial. The plaintiff is the owner of a building and lot fronting on Los Angeles street adjoining the Huntington building, which extends from Los Angeles street to Main street and abuts on the north on Sixth street; and brought this suit for damages to his building and other property on his lot from fire, alleged to have been caused by the negligence of the defendant's servants, who at that time were engaged in working on the Huntington building. There was no direct proof of the origin of the fire, which occurred in the early hours of the 6th of October; but it appears from the evidence that the work on which the defendant's employees were engaged required the use of rivets heated to a white heat, which were habitually thrown from the heater to the riveter and caught by the latter in a bucket. It sometimes happened, however, that the rivets were not caught, but, while the men were working on the south side of the building, would sometimes fall over the line onto the land of the plaintiff, or the land of his neighbor adjoining on the rear. It was in proof that this happened twice on the morning of the 5th, between the hours of 10 and 12 o'clock, the rivet falling on one occasion on the lot adjoining just to the rear of plaintiff's lot, and on the other across the fence on his lot; and on each occasion a fire was started, which was extinguished by the defendant's employees. Evidence of similar occurrences upon other occasions before and after the fire was also given. The plaintiff's theory is that the origin of the fire in question was similar to that of the fires that had occurred, and much evidence was introduced to exclude the probability of its having originated otherwise.

Numerous points are urged by the defendant, but we think they are all untenable. The evidence as to the origin of the fire was, indeed, circumstantial only; but it was not on that account inadmissible (Code Civ. Proc., sec. 1832); and we think it was sufficient to sustain the verdict. The instruction complained of does not instruct the jury as to the weight of evidence, but simply that they were to consider the facts in evidence "in determining whether or not the fire referred to in the complaint . . . was due to the same cause." Nor did the court refuse to instruct the jury that "defendant's employees were entitled to due credit as witnesses." The request of the defendant was that the jury should be instructed "to receive the testimony of such witness . . . the same as that of the testimony of any other witness, and to determine the credibility of such employee by the same principles and tests by which they would determine the credibility of any other witness"; which would have been manifestly erroneous.

There are some other objections on the part of appellant, but we deem it unnecessary to consider them. On the whole we find no error in the record.

The judgment and order appealed from are affirmed.

Allen, J., and Gray, P. J., concurred.